UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **BOBBETTE L. CARTWRIGHT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Cause No. 1:22-cv-00360-HAB-SLC |
| | ) |
| **KINGSTON RESIDENCE OF FORT** | ) |
| **WAYNE LLC,** *doing business as* | ) |
| **Kingston Residence,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Before the Court is Defendant's motion for fees pursuant to Federal Rule of Civil Procedure 37(a)(5) filed on April 18, 2023 (ECF 27), asking that the Court order Plaintiff to pay Defendant's attorney fees "associated with [Plaintiff's] untimely production of discovery responses," contending that "Plaintiff's inaction and inability to communicate with her counsel required the Defendant to needlessly incur $1,608 in legal fees . . . ." (*id.* ¶¶ 13, 15). On April 25, 2023, Plaintiff filed a response in opposition to the motion, embedding within its response brief a motion to compel discovery from Defendant and a corresponding request for attorney fees under Rule 37(a)(5). (ECF 28). On May 24, 2023, *after* its deadline passed for filing a response or reply brief, N.D. Ind. L.R. 7-1(d)(3), Defendant belatedly filed a response to Plaintiff's embedded motion. (ECF 29).[1]

*A. Applicable Legal Standard*

Rule 37(a)(5) governs the imposition of expenses and sanctions related to a motion to

---

[1] Defendant does not offer an explanation, much less good cause or excusable neglect, for its untimely filing. Having reviewed the response brief, the Court notes that its outcome in this Opinion and Order does not change whether or not the untimely response brief is considered.

compel. It provides, in pertinent part:

>(a) **Motion for an Order Compelling Disclosure or Discovery**.
>
>>(1) *In General*. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>>
>>. . . .
>>
>>(5) *Payment of Expenses; Protective Orders*.
>>
>>>(A) . . . If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>>
>>>>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>>
>>>>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>>>>
>>>>(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

*B. Analysis*

Defendant asserts that the Court should award it attorney fees under Rule 37(a)(5) based on Plaintiff's untimely production of discovery responses, which stemmed from Plaintiff's failure to communicate with her own counsel and such counsel's motion to withdraw.

As background, Defendant served Plaintiff its first set of interrogatories and request for production of documents on October 28, 2022. (ECF 27 ¶ 1). After several agreed extensions, Plaintiff's responses were due on January 28, 2023. (*Id.* ¶¶ 2-4). On January 16, 2023, Plaintiff's counsel filed a motion to withdraw, which the Court set for a hearing on January 26, 2023. (ECF 11, 14). The Court subsequently reset the hearing on the motion to withdraw several times due to Plaintiff's repeated failures to appear, triggering several show-cause hearings, with the most recent hearing on the motion to withdraw and show-cause hearing being set for April 19, 2023. (ECF 15 to ECF 23).

However, on April 4, 2023, Plaintiff's counsel filed a status report, informing the Court of Plaintiff's renewed communication with counsel, her renewed participation in the case with the assistance of her mother, and her willingness to answer all outstanding discovery. (ECF 24). Counsel asked to withdraw his motion to withdraw and to extend all case deadlines (*id.*), attaching an affidavit identifying the issues that impacted Plaintiff's ability to communicate with counsel, including that she suffered from depression, had a stroke in 2021, and was in a car accident in March 2023 (ECF 24-1 ¶ 4). On April 11, 2023, Plaintiff returned her outstanding discovery responses to Defendant. (ECF 28 ¶ 3). On April 12, 2023, the Court vacated the April 19, 2023, show-cause hearing and hearing on the motion to withdraw and deemed counsel's motion to withdraw as withdrawn. (ECF 26). About a week later, Defendant filed the instant

3

motion for fees. (ECF 27).

As recited earlier, Rule 37(a)(5) awards attorney fees to the victor of a motion to compel if the motion to compel "is granted" or "if the disclosure or requested discovery is provided after the motion was filed." But here, Defendant never filed a motion to compel Plaintiff to produce discovery responses. Instead, Defendant seeks its attorneys fees incurred in connection with the hearings set on Plaintiff's counsel's motion to withdraw and associated show-cause hearings. (ECF 27 ¶¶ 15-17; ECF 27-1). Defendant, however, does not cite any law to support its assertion that the Court's Notice and Orders setting show-cause hearings (ECF 16, 19, 23) should be considered akin to a court order granting a motion to compel, such that fees are appropriate under Rule 37(a)(5). On the record presented, the Court finds that an award of fees against Plaintiff in this instance would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Therefore, Defendant's motion for fees under Rule 37(a)(5) will be DENIED.

In a seeming tit-for-tat, Plaintiff in her response brief asks that the Court compel Defendant to produce its overdue responses to discovery that Plaintiff served on December 28, 2022. (ECF 28 ¶ 7). Plaintiff also asks that the Court order Defendant to pay her attorney fees incurred in securing such discovery responses from Defendant. Plaintiff's motion to compel and request for fees included in her response brief will also be DENIED. "[A] party cannot embed a motion within a response brief, as motions must be filed separately." *Mojsoski v. Ind. Wesleyan Univ.*, No. 1:22-cv-00019-SLC, 2022 WL 17338426, at *12 (N.D. Ind. Nov. 30, 2022) (citing N.D. Ind. L.R. 7-1(a)).

*C. Conclusion*

For the foregoing reasons, Defendant's motion for fees (ECF 27) is DENIED. Likewise,

to the extent Plaintiff has embedded a motion to compel and request for fees in its response brief to Defendant's motion (ECF 28), that request too is DENIED. "The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention." *C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736-SEB-JMS, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) (citation omitted).

    SO ORDERED.

    Entered this 25th day of May 2023.

                                                /s/ Susan Collins
                                                Susan Collins
                                                United States Magistrate Judge